No. 8836.

BUNDY v. WILSON.

1. CORPORATIONS—*Stock Ledger as Evidence.*   The stock ledger is competent evidence that those whose names are there set down were shareholders in the corporation at the date there mentioned.

2. BANK—*Stockholders—Liability to Creditors.*   Those whose names are, to their knowledge, carried upon the stockledger of a bank, and who assume to exercise the rights of stockholders, are liable for the debts of the institution.

IN an action by the receiver of an insolvent bank to charge one as stockholder therein, questions as to an alleged fraud by which he was induced to purchase the shares, or the right of the seller, are immaterial.

4. ESTOPPEL—*By Conduct.*   One who, being informed that he is carried on the books of a bank as a stockholder, assumes to act in that capacity and exercise the rights of a stockholder, attends a stockholders' meeting and after the institution is closed by some public authority, actively busies himself in an examination of its affairs and joins with others to salvage the concern is not heard to deny his character as a stockholder, when charged as such, under (Rev. Stat., sec. 273).

5. STATUTES—*Construed.*   Section 273 of the Revised Statutes controls as to the liability of shareholders in an insolvent bank.

*Error to Fremont District Court, Hon. Charles Cavender, Judge.*

Mr. GEORGE H. WILKES and Mr. JOSEPH H. MAUPIN, for plaintiff in error.

Mr. JOSEPH D. BLUNT, Mr. DELBERT A. HESSICK and Mr. CHARLES D. BRADLEY, for defendant in error.

Mr. Justice Bailey delivered the opinion of the Court.

THIS action was brought by the receiver of the bank to recover of John C. Bundy, as an alleged shareholder in the failed Florence State Bank, twice the value of the stock in that corporation which stood in his name on its books at the time the bank was declared insolvent.   It was brought in the interest of the creditors of the bank under section 273, R. S. 1908.

It appears that Bundy bought the shares in question in

January, 1913. The bank was closed by the State Bank Examiner in March following, and in May of that year defendant in error was appointed receiver. In July, 1913, Bundy brought suit to have the contract of purchase and sale of the shares set aside on the ground of fraud, misrepresentation and deceit. Judgment in that suit was for Bundy, and for this reason, among others, he now contends that he never was an actual shareholder in the bank. It is also urged that the stock at the time of the transaction complained of was part of an estate of a decedent, and as such was not subject to purchase from the person assuming to make the sale. It is also claimed that in any event no liability can attach to Bundy as a stockholder, except for such debts as were contracted by the bank after he became such shareholder of record.

In determining the case it will not be necessary to consider any question except the liability, under our statute in circumstances such as are here involved, of a shareholder in such institutions. Questions relating to the alleged fraud in the contract of purchase, and the right of the seller to dispose of these shares are extraneous and immaterial. These questions are not involved as they concern only Bundy and the person from whom he is alleged to have purchased them, and are not in issue as between Bundy and the creditors of the bank.

Section 273, *supra*, under which this action was brought, is as follows:

"Shareholders in banks, savings banks, trust, deposit and security associations, shall be held individually responsible for debts, contracts and engagements of said associations in double the amount of the par value of the stock owned by them respectively."

In the trial court the stock record of The Florence State Bank was introduced in evidence to establish the fact that Bundy was a stockholder of record at the time the receiver was appointed, and it is admitted that the stock involved in the transaction appeared as his property on the stock record books of the bank. In *Zang v. Wyant,* 25 Colo. 551,

56 Pac. 565, this court, in discussing the facts necessary to establish liability under section 273, at page 561 thereof said:

"It is also urged that the relation of appellants, as stockholders of the bank, was not shown by competent and sufficient evidence. Mr. Root produced and identified what was known as the stock book of the bank. He testified that the book represented the stockholders in the bank, and was the only one kept for that purpose. * * * This book conforms to these requirements. The witness also testified that it was kept in the ordinary course of business while he was connected with the bank, and that he made some of the entries himself, and that the persons named took part in the meetings of stockholders during the period of time their names appeared on the books. We think the book, together with the testimony, was sufficient."

The same rule was laid down and approved in *Adams v. Clark*, 36 Colo. 65, at page 92, 85 Pac. 642, 655, 10 Ann. Cas. 774, in the following language:

"It is said that the court erred in allowing the stock ledger of the insolvent bank to be introduced in evidence to prove that appellants were stockholders of the bank, in that the stock ledger was not such a book as is required to be kept by the officers of a corporation by Mills Ann. Stats., section 508.

"The stock ledger has been certified to this court, and we have examined it. It seems to be, in all respects, similar to the stock ledger passed upon by the court in *Zang v. Wyant, supra*. It was identified and supported by the testimony of the ex-cashier of the bank, to the same effect as the book passed upon in *Zang v. Wyant* was identified and supported by Mr. Root. We think the book, with the testimony supporting it, was competent and sufficient evidence to prove that appellants were stockholders of the insolvent bank."

The fact that Bundy was a stockholder of record in The Florence State Bank was established by identically the same kind of testimony, and that he was such stockholder

is therefore settled here beyond peradventure, as a legal proposition. There is nothing in the record to indicate that he became such unwillingly, or that he was tricked into becoming such by the bank. And even if that had been the case Bundy had ample time to protect himself after discovering that he was so listed upon the records of the bank. Instead he acknowledged that he was a stockholder even after the bank had been closed by the State Bank Commissioner, and actively busied himself in a subsequent examination of its affairs. He attended at least one meeting of the stockholders, and joined with others in an effort to salvage the institution. Not until all such hopes had proven vain, and all efforts to that end abandoned, did he seek to rescind his contract of purchase. Prior to the time that it was demonstrated that the bank was hopelessly insolvent and, a receiver appointed, he appeared ready and willing to accept any benefits which might accrue to him as a shareholder therein, and made no complaint against any one for fraud in selling him the shares. Even now there is no claim that the alleged fraud was perpetrated by the bank, but by one who, so far as the creditors of the institution are concerned, is an outsider.

The contention that Bundy is liable in any event only for debts contracted during the time he was a stockholder of record, is supported only by decisions involving statutes expressly providing that stockholders shall be thus liable. The contention appears to be based upon the theory that section 272, R. S. 1908, providing that stockholders shall be personally liable for debts contracted while they are stockholders is the proper section upon which to found this right of action by the receiver. Upon facts such as are here involved that section, even if in full force, has no application. In *Zang v. Wyant, supra,* and *Adams v. Clark, supra,* it is clearly settled that section 273, quoted above, is the statute which alone governs in cases like the one at bar. To quote again from *Zang v. Wyant,* at page 561:

"As we have seen, statutes of this character are intended

to furnish a fund exclusively for the benefit of creditors, and under the rule laid down in all cases, they are to be construed as imposing an individual liability upon stockholders, in addition to their liability to the corporation for the amount of their subscription to the stock. Accepting this as the correct rule of construction, the plain and obvious import if the language of our act is, to make stockholders in banking associations individually liable for the debts of the association in double the amount of the par value of the stock owned by them, notwithstanding they may have paid, or are still liable, to the corporation for their original subscription."

In construing the same statute in *Adams v. Clark, supra,* this court at page 92, said:

"The court found that appellants were liable to the limit of the liability imposed by statute, to-wit: 'double the amount of the par value of the stock,' and in its decree awarded judgment against each appellant for that amount, with interest thereon from January 6, 1902, to the date of the rendition of the decree. The maximum liability imposed by the statute is 'double the amount of the par value of the stock.' This is the limit of recovery by creditors. *Zang v. Wyant, supra;* Clark & Marshall, vol. 3, page 2515; *Richmond v. Irons,* 121 U. S. 27, 64, 30 L. Ed. 864, 7 Sup. Ct. 788. The allowance of interest was error. This error will not necessitate a reversal of the judgment."

The liability of stockholders of an insolvent banking corporation is strictly statutory. Whether or not section 272, providing that stockholders shall be liable ratably for debts contracted while they are such stockholders, is repealed by section 273, *supra,* providing for a double liability for all debts and obligations, need not be determined. This is so because under our decisions, section 273 provides the remedy for creditors in the event of the failure and insolvency of a banking corporation. Under the facts of this case the liability is fixed by statute at double the par value of the stock held of record, and that is conclusive. This is determined by our own decisions, and there is nothing in

this record to carry the case at bar out of the scope of that rule. The judgment of the trial court should accordingly be affirmed.

Judgment affirmed.

Decision *en banc.*

Mr. Justice Scott dissents.